IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTRICT OF TEXAS

Civil Action No. 4:26-cv-120

MANUEL MATA;

    Plaintiff;

v.

MATTHEW KRUEGER, in his individual capacity;

    Defendant.

---

### COMPLAINT AND JURY DEMAND

---

Plaintiff, Manuel Mata, for his Complaint and Jury Demand, states and alleges as follows:

### THE PARTIES

1. Plaintiff Manuel Mata is a citizen of the United States and was a resident of the state of Texas during the relevant times described herein.

2. Defendant Matthew Krueger is a citizen of the United States and was a resident of the state of Texas during the relevant times described herein. Defendant Krueger is sued in his individual capacity as a police officer in the Fort Worth Police Department.

### JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States, and is brought pursuant to Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331. Jurisdiction supporting Plaintiff's claims for attorney fees and costs

are conferred by 42 U.S.C. § 1988.

4. Venue is proper in this District according to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this District and Defendant resides in this District.

## ALLEGATIONS

5. In the early morning hours of February 4, 2024, Plaintiff Manuel Mata was walking through downtown Fort Worth, Texas.

6. As he walked down the street, Defendant Matthew Krueger began to stalk Plaintiff, likely because Mr. Krueger was familiar with Mr. Mata as a long-time First Amendment auditor and individual who films police.

7. At some point, Mr. Krueger called out to Mr. Mata to stop walking and immediately pulled his firearm and pointed it directly at Mr. Mata.



8. At the time that Mr. Kreuger pulled his gun, Mr. Mata had engaged in no conduct which could possibly lead any reasonable officer to believe that he was a threat to any person, and particularly no reasonable officer could believe that Mr. Mata constituted a deadly threat.

9. Mr. Mata did not run or resist any police officer.

10. Mr. Mata had engaged in no criminal conduct.

11. Even Mr. Krueger stated that the only reason he wanted to stop Mr. Mata was for jaywalking.

12. Nonetheless, Mr. Mata had not engaged in even jaywalking.

13. Instead, Mr. Krueger was motivated by animus for Mr. Mata based on his prior protected First Amendment conduct in filming police officers in Fort Worth and for complaining about Mr. Kreuger's past conduct to the Fort Worth Police Department.

14. Mr. Mata was then held in handcuffs and placed in the back of a police vehicle for approximately thirty (30) minutes.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Fourth Amendment Violation — Excessive Force

15. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

16. Defendant acted under color of state law, and within the course and scope of his employment, in his capacities as law enforcement officers for the Greeley Police Department at all times relevant to the allegations in this Complaint.

17. Defendant is a "person" under 42 U.S.C. § 1983.

18. Plaintiff had a protected Fourth Amendment interest against being victimized by the use of excessive force at the hands of law enforcement personnel.

19. Defendant unlawfully seized Plaintiff by means of excessive physical force, including the use of a taser and strikes to Plaintiff's person.

20. Defendant's actions, as described herein, were objectively unreasonable in light of the circumstances confronting him..

21. Plaintiff gave the officers no reason to fear for their safety, Plaintiff was not fleeing, and Plaintiff was attempting to comply with officer demands.

22. Defendant did not have a legally valid basis to seize Plaintiff in the manner and with the level of force used under the circumstances presented.

23. Defendant recklessly created the situation in which he used force.

24. At the time when Defendant used excessive force against Plaintiff, Plaintiff had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be secure from unreasonable seizure through excessive force. Any reasonable law enforcement officer knew or should have known of this clearly established right.

25. Defendant engaged in these actions intentionally, willfully, and wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's constitutionally protected rights.

26. At all times, Defendant was acting under color of state law.

27. Defendant's conduct violated clearly established rights belonging to Plaintiff of which a reasonable person in their positions knew or should have known.

28. As a direct and proximate cause and consequence of Defendant's unconstitutional acts and omissions, described herein, Plaintiff suffered injuries, damages, and losses.

29. Defendant's herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff

suffered during and after the vigil, and other compensatory and special damages.

30. Defendant's intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## Unlawful Arrest

31. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

32. Plaintiff was arrested on February 4, 2024.

33. When Plaintiff was placed under arrest, he had engaged in no conduct which supported a jaywalking charge.

34. Nonetheless, and in retaliation for his protected First Amendment conduct, Defendant Kreuger placed Plaintiff under arrest.

35. Defendant lacked any probable cause that Mr. Mata had committed any offense.

36. At all times, Defendant was acting under color of state law.

37. Defendant's conduct violated clearly established rights belonging to Plaintiff of which a reasonable person in their positions knew or should have known.

38. Defendant's actions caused, directly and proximately, Plaintiff to suffer damages.

## THIRD CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## First Amendment Retaliation

39. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

40. Plaintiff's speech and expression were related to matters of public concern.

41. Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of his First Amendment rights.

42. By unlawfully citing, arresting, and causing the continued prosecution of Plaintiff, Defendant has sought to punish Plaintiff for exercising his First Amendment rights to protest the police and to silence his future speech and restrict his freedom of expression, and the future speech and expression of others. Defendant's retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment-protected activity.

43. Defendant's conduct violated clearly established rights belonging to Plaintiff of which a reasonable person in Defendant's position knew or should have known.

44. Defendant engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

45. At all times relevant to this Complaint, Defendant was acting under color of state law.

46. Defendant's actions caused, directly or proximately, Plaintiff to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award him all relief allowed by law, including but not limited to the following:

    A. All appropriate relief at law and equity;

    B. Declaratory relief and other appropriate equitable relief;

    C. Economic losses on all claims as allowed by law;

    D. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

E.  Punitive damages;

F.  Attorneys' fees and the costs, including expert witness fees, on all claims allowed by law;

G.  Pre-and post-judgment interest at the lawful rate; and

H.  Any other appropriate relief at law and equity that this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 4th day of February 2026.

<u>/s/ Mark J. Streiff</u>
Mark J. Streiff
State Bar No. 24117510
Pantheon Legal Group PLLC
1020 Macon Street, Suite 5
Fort Worth, Texas 76102
Tel: (817) 381-2216
Fax: (817) 663-2216
mark.streiff@pantheon-legal.com

Edward Milo Schwab, #47897
Ascend Counsel, LLC
1 Broadway, Suite B210
Denver, CO 80203
(303) 888-4407
milo@ascendcounsel.co
*Pending Pro Hac Admission*

ATTORNEYS FOR PLAINTIFF