IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MANUEL MATA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  4:26-CV-120-Y |
| | § | |
| MATTHEW KRUEGER, | § | |
|     Defendant. | § | |

**DEFENDANT KRUEGER'S ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Responding to Plaintiff's First Amended Complaint (ECF No. 3), Defendant, Fort Worth

Police Officer Matthew Krueger, files this his Answer, and would show unto the Court as follows:

**ADMISSIONS AND DENIALS**

1.  Responding to paragraph 1: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

2.  Responding to paragraph 2: Admit.

3.  Responding to paragraph 3: Admit except to the extent Defendant's assertions of immunities may be considered jurisdictional in nature..

4.  Responding to paragraph 4: Admit.

5.  Responding to paragraph 5: Deny that Mata was at all relevant times on a sidewalk, and deny that the area is necessarily considered part of downtown Fort Worth; otherwise, Admit.

6.  Responding to paragraph 6: Deny.

7.      Responding to paragraph 7: Deny.

8.      Responding to paragraph 8: Deny.

9.      Responding to paragraph 9: Admit that as to the first sentence, Defendant said that or something similar at some point. Admit that while wearing full police uniform in plain sight, Defendant did not immediately verbally identify himself as an officer (though another officer did as Plaintiff admits below). Otherwise, deny.

10.     Responding to paragraph 10: Deny.

11.     Responding to paragraph 11: Admit as to the first sentence. Admit that for the reasons described below, Defendant drew his gun. Otherwise, deny.

12.     Responding to paragraph 12: Deny.

13.     Responding to paragraph 13: Admit that Plaintiff was ultimately found to be unarmed. Otherwise, deny.

14.     Responding to paragraph 14. Admit that other officers were present.

15.     Responding to paragraph 15: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding what Plaintiff thought or understood. Otherwise, deny.

16.     Responding to paragraph 16: Deny.

17.     Responding to paragraph 17: Deny.

18.     Responding to paragraph 18: Deny.

19.     Responding to paragraph 19: Admit that Defendant gave commands for Plaintiff to get on the ground. Otherwise, deny.

20.     Responding to paragraph 20: Deny as to timing, but admit that Defendant said for Plaintiff to get on the ground and for officers to put him on the ground or similar words. Otherwise, deny.

21.     Responding to paragraph 21: Deny.

22.     Responding to paragraph 22: Admit that officers did not "tackle" Plaintiff. Otherwise, deny.

23.     Responding to paragraph 23: Deny.

24.     Responding to paragraph 24: Deny.

25.     Responding to paragraph 25: Deny.

26.     Responding to paragraph 26: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations. Otherwise, deny.

27.     Responding to paragraph 27: Deny any implication that Plaintiff immediately complied with officers' commands regarding the referenced matters. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding exact timing of statements. Otherwise, deny.

28.     Responding to paragraph 28: Admit that Plaintiff did not "run" or physically resist by pushing or hitting officers, but he did fail to promptly follow commands and presented a threat as described below. Otherwise, deny.

29.     Responding to paragraph 29: Deny.

30.     Responding to paragraph 30: Deny.

31.     Responding to paragraph 31: Deny.

32.     Responding to paragraph 32: Admit that Plaintiff said a lot of things on a pretty continuous basis, including, at times, the referenced questions. Otherwise, deny.

33.     Responding to paragraph 33: Admit that such statements were made in rapid succession as Officer Lee approached Plaintiff, not knowing all of Defendant's prior observations, thoughts, and intentions.

34.     Responding to paragraph 34: Deny.

35.     Responding to paragraph 35: Admit that Defendant originally was just wanting to investigate the things he had observed, but Plaintiff's failure to comply and other actions escalated the encounter into an arrest. Otherwise, deny.

36.     Responding to paragraph 36: Deny.

37.     Responding to paragraph 37: Deny.

38.     Responding to paragraph 38: Deny.

39.     Responding to paragraph 39: Deny that Defendant knew that the suspect was Plaintiff until well after he had already engaged with him and Plaintiff had refused commands. Admit that Defendant generally knew who Plaintiff was by Plaintiff's reputation. Otherwise, deny.

40.     Responding to paragraph 40: Deny that Plaintiff was initially placed into Defendant's vehicle. Admit Defendant eventually transported Plaintiff. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

41.     Responding to paragraph 41: Deny.

42.     Responding to paragraph 42: Deny.

43.     Responding to paragraph 43: Deny.

44.     Responding to paragraph 44: Deny.

45.     Responding to paragraph 45: Deny.

46.     Responding to paragraph 46: Deny.

47.     Responding to paragraph 47: Admit that Plaintiff was ultimately found to be unarmed; otherwise, deny.

48.     Responding to paragraph 48: Deny.

49.     Responding to paragraph 49: Deny.

50.      Responding to paragraph 50: Admit that Defendant told Plaintiff he was under arrest; otherwise, deny.

51.      Responding to paragraph 51: Deny.

52.      Responding to paragraph 52: Deny.

53.      Responding to paragraph 53: Deny.

54.      Responding to paragraph 54: Deny.

55.      Responding to paragraph 55: Admit only in that the image shows the general area. Otherwise, deny.

56.      Responding to paragraph 56: Admit only in that the image shows the general area. Otherwise, deny.

57.      Responding to paragraph 57: Deny.

58.      Responding to paragraph 58: Deny.

59.      Responding to paragraph 59: Deny.

60.      Responding to paragraph 60: Deny.

61.      Responding to paragraph 61: Deny.

62.      Responding to paragraph 62: Deny.

63.      Responding to paragraph 63: Admit.

64.      Responding to paragraph 64: Deny premise and otherwise, Deny.

65.      Responding to paragraph 65: Deny that Defendant took camera for himself or for any unlawful purpose; otherwise, admit.

66.     Responding to paragraph 66: Admit that detectives later obtained and executed a warrant to search Plaintiff's camera.

67.     Responding to paragraph 67: This is not a complete sentence, but Defendant admits arresting Plaintiff for said offense. Otherwise, denied.

68.     Responding to paragraph 68: Denied.

69.     Responding to paragraph 69: Denied.

70.     Responding to paragraph 70: Denied.

71.     Responding to paragraph 71: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

72.     Responding to paragraph 72: Denied.

73.     Responding to paragraph 73: Admit that Defendant investigated and wrote a report that he believed would have supported such charges. Otherwise, deny.

74.     Responding to paragraph 74: Admit that Defendant investigated and wrote a report that he believed would have supported such charges. Otherwise, deny.

75.     Responding to paragraph 75: Defendant admits those quotes of statements made by Plaintiff appear in a report he prepared but does not know what Plaintiff means by his introductory words in that paragraph. Otherwise, deny.

76.     Responding to paragraph 76: Admit the quoted statement is in the report. Otherwise, deny.

77.     Responding to paragraph 77: Admit.

78.     Responding to paragraph 78: Deny.

79.     Responding to paragraph 79: Deny.

80.     Responding to paragraph 80: Admit that Defendant has seen such YouTube channels; otherwise, deny.

81.     Responding to paragraph 81: Admit.

82.     Responding to paragraph 82: Admit.

83.     Responding to paragraph 83: Deny.

84.     Responding to paragraph 84: Admit.

85.     Responding to paragraph 85: Deny as to the characterization, but admit that the quoted language is in the report.

86.     Responding to paragraph 86: Deny.

87.     Responding to paragraph 87: Deny as to the characterization, but admit that the quoted language is in the report.

88.     Responding to paragraph 88: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

89.     Responding to paragraph 89: Deny.

90.     Responding to paragraph 90: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as no such presentation to a judge was ever made. Otherwise, deny.

91.     Responding to paragraph 91: Defendant incorporates prior responses.

92.     Responding to paragraph 92: Admit.

93.     Responding to paragraph 93: Admit.

94.     Responding to paragraph 94: The statement is a legal opinion and not a statement of fact that requires a response.

95.    Responding to paragraph 95: Deny.

96.    Responding to paragraph 96: Deny.

97.    Responding to paragraph 97: Deny.

98.    Responding to paragraph 98: Deny.

99.    Responding to paragraph 99: Deny.

100.    Responding to paragraph 100: The statement is a legal opinion and not a statement of fact that requires a response. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding all other officers or their beliefs or knowledge.

101.    Responding to paragraph 101: Deny.

102.    Responding to paragraph 102: Admit.

103.    Responding to paragraph 103: Deny.

104.    Responding to paragraph 104: Deny.

105.    Responding to paragraph 105: Deny.

106.    Responding to paragraph 106: Deny.

107.    Responding to paragraph 107: Defendant incorporates prior responses.

108.    Responding to paragraph 108: Admit.

109.    Responding to paragraph 109: Admit.

110.    Responding to paragraph 110: Deny.

111.    Responding to paragraph 111: Deny.

112.     Responding to paragraph 112: Deny.

113.     Responding to paragraph 113: Admit.

114.     Responding to paragraph 114: Deny.

115.     Responding to paragraph 115: Deny.

116.     Responding to paragraph 116: Defendant incorporates prior responses.

117.     Responding to paragraph 117: Admit.

118.     Responding to paragraph 118: Deny.

119.     Responding to paragraph 119: Deny premise and otherwise deny.

120.     Responding to paragraph 120: Deny.

121.     Responding to paragraph 121: Deny.

122.     Responding to paragraph 122: Deny.

123.     Responding to paragraph 123: Admit.

124.     Responding to paragraph 124: Deny.

125.     Responding to paragraph 125: Defendant incorporates prior responses.

126.     Responding to paragraph 126: Admit.

127.     Responding to paragraph 127: Deny.

128.     Responding to paragraph 128: Deny.

129.     Responding to paragraph 129: Deny premise and otherwise deny.

130.    Responding to paragraph 130: Deny.

131.    Responding to paragraph 131: Deny.

132.    Responding to paragraph 132: Admit.

133.    Responding to paragraph 133: Deny.

134.    Responding to paragraph 134: Defendant incorporates prior responses.

135.    Responding to paragraph 135: Admit.

136.    Responding to paragraph 136: Admit.

137.    Responding to paragraph 137: Deny.

138.    Responding to paragraph 138: Deny.

139.    Responding to paragraph 139: Deny.

140.    Responding to paragraph 140: Deny.

141.    Responding to paragraph 141: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

142.    Responding to paragraph 142: Admit the evading charge was dismissed. Otherwise, deny.

143.    Responding to paragraph 143: Admit.

144.    Responding to paragraph 144: Deny.

145.    Responding to paragraph 145: Deny.

146.    Responding to paragraph 146: Defendant incorporates prior responses.

147.    Responding to paragraph 147: Admit.

148. Responding to paragraph 148: The sentence does not fully make sense, but Defendant admits that he did all those things at one point or another.

149. Responding to paragraph 149: Deny.

150. Responding to paragraph 150: Deny.

151. Responding to paragraph 151: Admit.

152. Responding to paragraph 152: Deny.

153. Responding to paragraph 153: Deny.

154. Responding to the Prayer: Deny.

## **DEFENSES**

155. Plaintiff has failed to state a claim upon which relief may be granted.

156. Defendant denies that Plaintiff has suffered any compensable damages or that Defendant caused Plaintiff any such damaged, but Defendant pleads that Plaintiff failed to mitigate any of his claimed damages.

157. Defendant is entitled to qualified immunity. At all relevant times, Defendant was an on-duty police officer, acting within the course and scope of his employment, and all of his actions were objectively reasonable and not in violation of any of Plaintiff's rights.

158. More specifically, on February 4, 2024, at appoximately 1:30 a.m., Officer Krueger, a FWPD patrol officer in full police uniform, was working a beat in the West 7th Street entertainment district in Fort Worth. He and another officer were conducting traffic control at the intersection of Foch Street and Bledsoe Street and stationed so as to observe pedestrians and keep the peace. That area at that time is a high activity area for police due to often-

intoxicated bar patrons leaving the local establishments. It is common as such times for fights to occur and for bad actors to commit crimes of theft, robbery, and assault, taking advantage of intoxicated persons who may have their guard down. There have also been multiple instances of gang related shootings occurring in the area. Also, in the several months prior to this incident there had also been several homicides, and instances of both robberies at gunpoint and sexual assaults occurring after a suspect followed a bar patron back to their vehicle parked in a secluded area. Indeed, despite its small size and limited geographic focus, the West 7th patrol team seized more illegal firearms, by a wide margin, than any other unit in the city that year.

159.    To Defendant's knowledge, prior to that date, he had not had any direct personal encounters with Plaintiff Manuel Mata. Defendant knew generally of the existence of First Amendment Auditors in Fort Worth, including Plaintiff Mata, but he was not particularly familiar with him beyond that. Also on that date, Defendant had not known of Plaintiff frequenting the West 7th area and officers had no reason to know or suspect that Plaintiff was in the area on that date.

160.    At that time, Defendant observed a person, unknown to them, who turned out to be Plaintiff acting suspiciously. Defendant had no idea who the person was and did not realize it may have been Plaintiff Mata until later after officers had already confronted him. At first all Defendant knew was that the person appeared over dressed for the temperature that night, was wearing bulky clothing, and had his head and face at least partially covered by a hat and gaiter-type face mask.

161.    Through his training and experience, Defendant was familiar with both the behavior of regular bar patrons and that of individuals behaving in a potentially criminal or predatory

manner. The person officers observed on this occasion displayed movements and behavior they viewed as being consistent with the latter. The person (Plaintiff) was moving around from the sidewalk, to nearby parking lots, and back. While he was doing this, he alternated directing his gaze and attention between other people walking by, and officers, for periods of time that were longer than what would be consistent with casual observation. This led Defendant to believe that the suspect was potentially attempting to evaluate his opportunity to commit a theft or robbery without being observed by officers as well as his ability to close the distance between himself and potential victims.

162. The person did not appear to be waiting for a ride to pick him up. He was not utilizing a cell phone and was moving from area to area. The person also exhibited characteristics that Defendant recognized to be consistent with the possession of a concealed weapon. He was wearing clothing that was overly warm or heavy for the the weather conditions (approximately 60 degrees fahrenheit), including multiple baggy shirts and jackets, baggy pants, and a neck gaiter-style face mask that was covering at least part of his face. This would all be consistent with a person attempting to conceal a weapon and his own identity. The person was also touching the front of the waistband of his pants in a fashion consistent with a "confirmation bump," a common behavior for individuals carrying a concealed weapon, wherein they feel for the location of the weapon through their clothing to ensure that it is still present and has not moved out of place.

163. Defendant and the other officer were observing the individual display these characteristics and behaviors. They felt that under the circumstances it was prudent at least to watch the person to see what he did. As officers were watching, they saw the person walk southbound across Bledsoe Street in the crosswalk and pause for several minutes at the corner. He then

began to walk southbound on the sidewalk on the west side of Foch Street. He then stepped into the roadway and walked along and in the roadway where a sidewalk was provided, moving southeast diagonally across the roadway for a distance of approximately 50 feet. The person accordingly committed at least one crime observed by officers prior to their making contact with him. He walked in the street where a sidewalk was provided in violation of Tex. Transp. Code § 552.006.

164. Officers then decided to stop and interact with the person due to the observed violation and in order to have an opportunity to see if a brief interaction/investigation would lead to some explanation of the person's odd or suspicious behavior. The officers approached the person on foot and were able to come close enough to verbally interact with him near 1095 Foch Street. At this time the suspect was continuing to walk away from the officers southbound. All officers were wearing full department issued uniforms, complete with shoulder patches and badges identifying them as Fort Worth Police Officers.

165. Defendant Officer Krueger called out to the suspect, stating, "Hey man, come here for a second." But the suspect continued to walk southbound for a few steps while looking over his shoulder. Officers called out again, including another officer yelling, "Police! Stop!" The suspect then began to stopbut took a bladed stance with his right side towards officers and his hands fully inside his jacket pockets. The suspect shuffled or began to walk again, and Defendant ordered him to stop. Due to the person's prior behavior indicating that he may have a weapon, his initial non-compliance with commands, and his "targeting gaze," toward officers, Defendant Officer Krueger feared that the person may produce a weapon and attempt to use it against the officers. Defendant, accordingly, pointed his firearm at the suspect and ordered him to remove his hands from his pockets. The suspect continued to

walk forward and Officer Krueger again commanded him to get his hands out of his pockets. It took a couple of commands, but Plaintiff finally removed his hands from his pockets. But he was still acting oddly. When Officer Krueger commanded him to place his hands on top of his head, the person raised only his left hand while his right hand hovered over some object on the front of his chest.



166.   It turns out that the object on the person's chest was a body-worn camera, which Defendant Krueger recognized after the person finally raised his right hand. It was only at that time, when Defendant Officer Krueger was close enough to the person to somewhat see his face and realize he had activated a body-worn camera that it dawned on him that the person might be Manuel Mata.

167.   At that time, Defendant Officer Krueger ordered the person to turn around and get on the ground. The person flatly refused, said "for what?!" and argued. The person at that point very

quickly and defiantly dropped his hands toward his waist and Officer Krueger then stepped toward him, again ordering him to raise his hands, which he did. Soon other officers stepped in and grabbed Plaintiff's hands and handcuffed him.

168. Plaintiff was eventually charged with evading arrest or detention, and a state magistrate, Judge C. Kelman, found probable cause existed to support that charge. Plaintiff was also cited and charged with failure to identify, walking in a road when with sidewalk available. Defendant believes that the evading charge was later dismissed based on "prosecutorial discretion" and that at least one of the other two charges remains pending.

169. Defendant understands that detectives later obtained a warrant based on probable cause to search Plaintiff's body-worn camera.

170. Defendant Krueger had reasonable suspicion and probable cause to detain and arrest Plaintiff for the reason stated above and later confirmed by at least one state magistrate, who found probable cause. Defendant Krueger never used any force whatsoever against Plaintiff other than defensively drawing his firearm against Plaintiff who had displayed behaviors suggesting he might have and be planning to use a weapon. Defendant violated none of Plaintiff's clearly established rights, and Defendant's actions were at all times reasonable.

171. Defendant later learned of a series of incidents involving Plaintiff and various other individuals who knew each other, acted in concert at times, and appeared to be engaged in an organized way to commit certain criminal acts. Defendant researched such incidents and documented his findings and observations in a report. Ultimately the report never left the police department and no criminal charges were ever filed or presented to any prosecuting agency. No warrants were ever sought or issued. Plaintiff was never arrested or charged with any crime related to that report. The mere research and report writing described by Plaintiff

in his complaint describes absolutely no violation of any Plaintiff's constitutional or other federal rights.

172. In the unlikely event and to the extent Defendant may be found liable, he pleads all applicable rights to indemnity and limitations on liability and damages available, including those contained in the Texas Civil Practices and Remedies Code, including in chapters 101-108 thereof, or pursuant to any other state or federal, statutory or common law.

173. Defendant invokes the doctrines of comparative causation and proportionate responsibility and Chapter 33 of the Texas Civil Practice & Remedies Code.

174. Plaintiff's claims are barred by limitations.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that plaintiff takes nothing by his suit and that Defendant be awarded costs of court, including attorney's fees, to be paid by Plaintiff. Defendant prays for all other relief to which he may be entitled.

Respectfully submitted,

s/ *Kenneth E. East*

Kenneth E. East
State Bar No. 00790622
THE LAW OFFICE OF KENNETH E. EAST
306 W. 7th Street, Suite 600
Fort Worth, Texas 76102
(817) 788-1111
ken@east.law

ATTORNEY FOR DEFENDANT
OFFICER MATTHEW KRUEGER