IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORT DIVISION

| | | |
|---|---|---|
| MANUEL MATA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-CV-120-Y |
| | § | |
| MATTHEW KRUEGER, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT MATTHEW KRUEGER'S MOTION TO COMPEL A RULE 7(a) REPLY
AND TO STAY DISCOVERY AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF SAID COURT:

Subject to Defendant's pending Emergency Motion to Stay, Defendant, Fort Worth Police

Officer Matthew Krueger, files this his Motion to Compel a Rule 7(a) Reply and to Stay Discovery,

and would respectfully show unto the Court as follows:

**I.  SUMMARY**

Defendant Krueger and other officers, working in the West 7th entertainment district at 1:30

in the morning, attempted to stop and interact with Plaintiff Manuel Mata for a state law violation

of walking in a roadway. Mata was uncooperative and failed to timely stop and follow commands.

Mata was arrested for the offenses, including evading arrest, and he later refused to identify himself,

resulting in an additional charge. Two of the charges remain pending. *See* ECF Nos. 13, 14.

In his live pleading, his First Amended Complaint ("FAC"), ECF No. 3, Plaintiff sues for a

number of alleged constitutional violations arising from his arrest and additionally from a later report

that Defendant drafted that resulted in absolutely no action against Plaintiff.

Defendant has filed contemporaneously herewith his Answer in which he denies all claims of wrongdoing and asserts in detail his entitlement to qualified immunity from this action. Accordingly, the Court can and should compel Plaintiff to reply to Defendant's detailed assertions. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Defendant respectfully asks that Plaintiff be ordered to file a Rule 7(a) reply, alleging with particularity all material facts Plaintiff claims establish his right to recovery, including a detailed statement of facts Defendant's pleas of immunity. Additionally, pursuant to the procedures described by the Fifth Circuit in *Schultea* and *Carswell v. Camp*, Defendant asks that the Court immediately stay all discovery until Defendant has an opportunity to file a dispositive motion based on qualified immunity.

## II.  BACKGROUND

Plaintiff complains primarily about his arrest on February 4, 2024. FAC at 2. He initiated this civil action on February 4, 2026. ECF No. 1.

Herewith, Defendant Matthew Krueger, a police officer employed by the City of Fort Worth, files his Answer in which he asserts in detail his entitlement to qualified immunity.

## III.  ARGUMENT AND AUTHORITIES

**A.  The Court can and should order Plaintiff to file a detailed Rule 7(a) Reply**.

The Federal Rules of Civil Procedure allow courts to order plaintiffs to file replies to answers.  Fed. R. Civ. P. 7(a).  The United States Court of Appeals for the Fifth Circuit has held that the rule allows a court to require a plaintiff to file a reply to an answer in which the defendant raises the defense of qualified immunity. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  Moreover, because the defense of qualified immunity shields governmental officials not only from liability but also from the lawsuit itself, the plaintiff should be required to plead facts such that the immunity

issue may be "resolved at the earliest possible stage of a litigation." *Id.* at 1432 (quoting *Anderson v. Creighton*, 483 U.S. 635 (1987)); *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985).

Accordingly, because Defendant has filed an answer properly invoking the defense of qualified immunity, Plaintiff should be required to file a detailed reply, alleging with particularity all material facts he claims establish his right to recovery, including a detailed statement of facts negating Defendant's plea of immunity; otherwise, Plaintiff's claims should be dismissed. *Schultea*, 47 F.3d at 1433-34. So strong is the policy favoring the imposition of such steps, the Fifth Circuit has noted that a district court's discretion not to employ such a procedure "is narrow indeed when greater detail might assist." *Id.* at 1434.

Here, greater detail in Plaintiff's pleadings would assist all parties and the Court in evaluating the necessity of further litigation against Defendant.

## B.  The Court should stay discovery.

Because qualified immunity is an immunity from the lawsuit itself, including the burdens of discovery, officials are entitled not to be subjected to discovery until the immunity issue has first been reviewed by the Court. *See Carswell v. Camp*, 54 F.4th 307, 314 (5th Cir. 2022)*; Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). Until the initial pleadings stage is complete and Defendant has had the opportunity to assert qualified immunity in a Rule 12 motion as may be appropriate, and the Court has had an opportunity to rule on such motion, the Court should not allow discovery. *Id.*

## IV.  CONCLUSION AND PRAYER

For these reasons, Defendant Matthew Krueger asks that the Court enter an order:

(1) compelling Plaintiff to file a Rule 7(a) reply, alleging with particularity all material facts he claims establish his right to recovery, including a detailed statement of facts negating Defendant's plea of immunity; and

(2) staying discovery.

Defendant prays for all other relief to which the Court may find him entitled.

Respectfully submitted,

s/ *Kenneth E. East*
Kenneth E. East
State Bar No. 00790622
THE LAW OFFICE OF KENNETH E. EAST
306 W. 7th Street, Suite 600
Fort Worth, Texas 76102
(817) 788-1111
Fax: (817) 485-2836
ken@east.law

ATTORNEY FOR DEFENDANT
OFFICER MATTHEW KRUEGER

## CERTIFICATE OF CONFERENCE

Yesterday, August 7, 2026, the undersigned attempted to confer with counsel for Plaintiff regarding this motion via. He was previously advised by Mr. Streiff that Mr. Edward Milo Schwab would be serving as lead counsel. Today, the undersigned attempted to call Mr. Schwab but was unable to reach him. It is assumed, therefore, that this motion is opposed.

s/ *Kenneth E. East*
Kenneth E. East