**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| | § | |
| MANUEL MATA; | § | |
| Plaintiff; | § | |
| | § | ACTION NO. 4:26-CV-120-Y |
| v. | § | |
| | § | |
| MATTHEW KRUEGER, in his individual capacity. | § | |
| | § | |
| Defendant. | § | |
| | § | |

---

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO STAY CASE**

---

Plaintiff, by and through undersigned counsel, responds to Defendant's Emergency Motion to Stay Case (ECF No. 13), and in support thereof, provides as follows:

## INTRODUCTION

Defendant moves this Court to stay and administratively close this entire civil rights case because two fine-only Class C misdemeanor citations remain pending against Plaintiff in the Fort Worth Municipal Court.

## BACKGROUND

On February 4, 2024, Plaintiff was walking in the West 7th Street area of Fort Worth when Defendant and other officers stopped him. Within seconds of the officers' first commands - and while Plaintiff stood still with his hands on his head - Defendant pointed a firearm at Plaintiff's head and ordered other officers to take him to the ground. ECF No. 3 ¶¶ 9-31. Plaintiff was handcuffed, jailed for five days, and charged with three offenses: 1) evading arrest or

detention under Tex. Penal Code § 38.04, 2) walking in the roadway where a sidewalk is provided Tex. Transp. Code § 552.006, and 3) failure to identify under Tex. Penal Code § 38.02(a). *Id* at ¶¶ 40, 67. The evading arrest charge was subsequently dismissed by the Tarrant County District Attorney. *Id*. at ¶ 69. Weeks later, Defendant prepared a report seeking charges against Plaintiff for second degree felony "engaging in organized criminal activity" based on Plaintiff saying that Defendant had lied.

Plaintiff brought this action raising claims for excessive force for the point of a gun at his head, unlawful arrest, First Amendment retaliation for the arrest, First Amendment retaliation for Defendant's efforts to charge Plaintiff with a serious felony for Plaintiff's statements, malicious prosecution, and unlawful search. *Id*. at ¶¶ 91-153. Plaintiff's municipal tickets for failure to identify and walking in the street remain pending.

## ARGUMENT

### *1. A Stay is Discretionary and the Movant Bears the Burden of Justifying the Need*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). "'[A] civil plaintiff has no absolute right to both his silence and his lawsuit,' but federal courts 'defer[ ] civil proceedings pending the completion of parallel criminal prosecutions *when the interests of justice* require. A district court must 'weigh competing interests" and should only grant a stay when "special circumstances" exist, such as "the need to avoid 'substantial and irreparable prejudice.''"" *Langiano v. City of Fort Worth, Texas*, 131 F.4th 285, 290–91 (5th Cir. 2025) (citations omitted). Additionally, an indeterminate delay implicates the opposing party's and the public's interest in a prompt resolution. *Id*. at 291.

Stays are authorized when a civil claim is related to rulings likely to be made in the pending criminal trial. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). If a later conviction would be inconsistent with the claims raised in a 42 U.S.C. § 1983 claim, the conviction can have preclusive effect and bar litigation on the affected claims. *Heck v. Humphrey*, 512 U.S. 477 (1994). However, the *Heck* inquiry is claim-specific and fact-specific. *Bush v. Strain*, 513 F.3d 492, 497-98 (5th Cir. 2008). A civil claim and a conviction can coexist when their factual bases are "temporally and conceptually distinct." *Poole v. City of Shreveport*, 13 F.4th 420, 426 (5th Cir. 2021)

But the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

***2. No Outcome in the Municipal Cases Can Affect Claims 1, 4, or 5.***

Here, Defendant treats all claims as having a connection to Plaintiff's remaining municipal criminal matters. However, that is incorrect.

First, Plaintiff has brought a claim for excessive force arising from the gun that Defendant pointed at his head. Nothing about a potential conviction for walking in a roadway or failing to identify "requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush*, 513 F.3d at 497. A jury award for excessive force would not "call[] into question any aspect of that conviction." *Id*. Defendant makes no effort - indeed the words "excessive force" are not in Defendant's motion - to argue Plaintiff's excessive force claims could negate a future conviction. And the 5th Circuit has repeatedly held that *Heck* does not necessarily bar excessive force claims. *See Bush*, 513 at 498; *Ballard v. Burton*, 444 F.3d 391, 401 (5th Cir. 2006).

Second, Claim 4 - First Amendment Retaliation arising out of the attempted organized-crime charge - rests on conduct weeks *after* the arrest. There is no nexus of facts that intertwine the pending charges in Fort Worth Municipal Court and Defendant's efforts to charge Plaintiff with a felony for verbal opposition. Moreover, no verdict for First Amendment retaliation arising out of this incident should possibly negate a conviction on walking in the street or failing to identify.

Third, Court 5 includes a malicious prosecution claim based on Defendant's charging Plaintiff with evading arrest. As the Supreme Court recently held, claims for malicious prosecution must be evaluated on a claim by claim basis. *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 562 (2024). "The inclusion of the baseless charge—though brought along with a good charge—has thus caused a constitutional violation." *Id* at 563. Thus, nothing about a verdict for malicious prosecution on the charge of evading arrest can potentially negate a subsequent conviction on the currently pending charges.

Lastly, even a conviction on the walking citation would not necessarily defeat Plaintiff's third claim - First Amendment Retaliation arising out of the February 4, 2024 incident. *Nieves v. Bartlett* excepts from the probable-cause rule exactly this scenario: low-level offenses like "jaywalking [are] endemic but rarely results in arrest. *Nieves v. Bartlett*, 587 U.S. 391, 407 (2019). As the Court in *Nieves* held, "it would seem insufficiently protective of First Amendment rights to dismiss the individual's retaliatory arrest claim on the ground that there was undoubted probable cause for the arrest. In such a case, because probable cause does little to prove or disprove the causal connection between animus and injury." *Id*. Accordingly, even this claim is likely to survive a *Heck* challenge and does not support a stay of this case or discovery.

Accordingly, nothing about the pending municipal charges in any way will affect the discovery process in relating to those claims or affect the ability of Plaintiff to pursue these claims against Defendant.

***3. Defendant Has Failed to Show Any Hardship Justifying More Than a Brief, Tailored, Stay***

*Heck* does not apply "to pending criminal matters." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007). Preconviction, the question is purely one of case management and instead must be evaluated under *Landis* and *Wallace*. And Defendant's Motion has failed to make any argument under this framework. He identifies no hardship, no Fifth Amendment tension, and no reason two fine-only citations require freeze - or dismissing - an entire federal civil rights action. This alone fails as Defendant has essentially waived this argument by not making it.

***4. Any Stay Should be Narrow, Short, and Self-Terminating***

*Landis* forbids stays of "immoderate stretch." 299 U.S. at 257. Defendant's proposed order would administratively close the entire case, conditioning the reopening on Plaintiff's compliance with a rolling 90-day reporting period and that could result in a dismissal of the case. That effort, borrowed from an order managing a *pro se* litigant, is disproportionate to this case where more than two years later, two insignificant charges remain. Plaintiff has pursued this case, has paid the filing fees, and has many issues which are already ripe for discovery. Witnesses' memories will fade and potentially records will be destroyed. And Defendant's effort to place this burden on is patently unjust.

If the Court determines that a stay is appropriate, Plaintiff respectfully proposed that it should be limited as follows:

1) The stay should only reach claims 2, 3, and 6;
2) Claims 1, 4, and 5 should proceed to responsive pleading and discovery in the ordinary course of litigation;
3) The stay should terminate automatically upon the final resolution of the Fort Worth Municipal citations, with the Parties directed to file a joint notice within 14 days of that resolution; and
4) The case should remain open on the Court's docket.

**CONCLUSION**

Wherefore, Plaintiff respectfully requests that this Court deny Defendant's Motion or in the alternative, stay discovery only as to claims 2, 3, and 6 and enter an order making the termination of the stay automatic upon the conclusion of Plaintiff's municipal case.

Respectfully submitted this 27th day of August 2026.

.

/s/ E. Milo Schwab
E. Milo Schwab
Ascend Counsel, LLC
1 Broadway, Suite B-210
Denver, CO 80203
(303) 888-4407
milo@ascendcounsel.co

Mark J. Streiff
State Bar No. 24117510
Pantheon Legal Group PLLC
1020 Macon Street, Suite 5
Fort Worth, Texas 76102
Tel: (817) 381-2216
Fax: (817) 663-2216
mark.streiff@pantheon-legal.com