**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| MANUEL MATA;<br>Plaintiff; | § | ACTION NO. 4:26-CV-120-Y |
| v. | § | |
| MATTHEW KRUEGER, in his individual capacity.<br>Defendant. | § | |

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL A RULE 7(a) REPLY AND TO STAY DISCOVERY**

Plaintiff, by and through undersigned counsel, responds to Defendant's Motion to Compel a Rule 7(a) Reply and to Stay Discovery, and in support thereof, provides as follows:

**INTRODUCTION**

While Rule 7(a) and the 5th Circuit permit the Court or Defendant to request Plaintiff file a Reply to the portion of Defendant's Answer which makes allegations in support of Defendant's Qualified Immunity defense, the Court should not exercise its discretion to require Plaintiff file a reply here. Defendant's allegations in support of his claim to Qualified Immunity are almost entirely subjective, and Plaintiff is without sufficient evidence or information to offer a meaningful reply. To the extent several allegations are premised on Defendant's word alone, Defendant's credibility is at issue in this case.

**ARGUMENT**

1. ***The Court should not exercise its discretion to order Plaintiff to File a Reply to Defendant's Qualified Immunity defenses.***

The decision to order a reply to an answer which contains a qualified immunity defense is not mandatory, but rests within the discretion of the trial court:

> [W]hen … a qualified immunity defense is asserted in an answer or motion to dismiss, the district court must—as always—do no more than determine whether the plaintiff has filed a short and plain statement of his complaint, a statement that rests on more than conclusions alone. In so doing, we expressly required the district court to apply Rule 8(a)(2)'s short and plain standard to the complaint. After applying this general pleading standard to the complaint, the court may then, in its discretion, insist that a plaintiff file a reply tailored to the defendant's answer … plead[s] the defense of qualified immunity.

*Anderson v. Valdez*, 845 F.3d 580, 589–90 (5th Cir. 2016) (internal quotations omitted). *Schultea* states, "[b]y definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

> Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist. The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.

*Id*. at 1434.

*Schultea* clearly contemplates a reply that will assist in providing detail regarding the issue of qualified immunity. As the grand majority of the allegations in Defendant's Answer are not ones that Plaintiff can meaningfully address absent discovery, a reply simply will not be of use here.

Nonetheless, if the Court is inclined to issue an order compelling a Reply, Plaintiff is prepared to file such a reply and identify the material facts supporting each claim already contained within the well-pleaded and detailed Amended Complaint.

However, any order issued by this Court must preserve the proper function of a reply. A rule 7 reply is a pleading, not an evidentiary submission and not an occasion to resolve the factual disputes put forward by Defendant. Moreover, a Rule 12(c) motion applies the plausibility standard to Plaintiff's allegations and accepts those well-pleaded allegations as true, drawing all reasonable inferences in Plaintiff's favor. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018). Moreover, *Schultea* does not impose a heightened-pleading standard - instead, the reply must be simple, concise, direct, and directly responsive to immunity. *Anderson v. Valdez*, 845 F.3d 580, 589-90 (5th Cir. 2016).

***2. Defendant's Request for a Stay of Discovery Should Be Denied***

A stay is particularly inappropriate here, where Defendant's Answer has plead several allegations to support his Qualified Immunity defense:

> The [Supreme] Court emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation, but acknowledged that discovery may be necessary. [Justice Scalia] conceded that in some cases, such as in search cases, probable cause and exigent circumstances will often turn on facts peculiarly within the knowledge of the defendants. And if there are conflicts in the allegations regarding the actions taken by the police officers, discovery may be necessary.

*Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995) (discussing *Anderson v. Creighton*, 483 U.S. 635 (1987)) (internal quotations and citations omitted).

Here, Defendant has pleaded several allegations, many of which directly contradict the allegations in the Complaint. Defendant has also pleaded several facts which are "peculiarly within the knowledge of" Defendant. Under such circumstances, a stay is disfavored, and discovery is now rendered necessary to fully litigate Defendant's Qualified Immunity defense.

If the Court is inclined to grant a stay, it should follow its own prior order in *Tilley v. Peaster Indep. Sch. Dist.*, No. 4:12-CV-408-Y, 2013 WL 1890376 (N.D. Tex. May 7, 2013), where it set a definite deadline for Defendant to file a Rule 12(c) motion within a definite time.

*Tilley* at *6. Defendant's request for stay until he elects to file a motion is simply an invitation to delay this matter indefinitely. Plaintiff would propose that any order should require Plaintiff to file his Rule 7 reply within twenty-eight (28) days of the order, require Defendant to file any motion based on qualified immunity under Rule 12(c) within twenty-eight (28) days after Plaintiff's reply, with the ordinary response and reply periods, and an automatic dissolution of the stay if Defendants files no timely motion.

Lastly, the Court should decline to enter Defendant's request for a dismissal. Defendant seems less intent on litigating this case and more hopeful that the Court will set trap doors for Plaintiff that will result in dismissal. Plaintiff will of course file a reply if ordered to by this Court, but Defendant's repeated efforts to win by default should not be rewarded. If noncompliance were to occur, the Court has ample authority to fashion an appropriate sanction.

**CONCLUSION**

Wherefore, Plaintiff respectfully requests that this Court deny Defendant's motion or if the Court does enter an order, enter Plaintiff's proposed order which requests:

1. That Plaintiff's Rule 7 reply be filed within twenty-eight (28) days;
2. That the Defendant must file any Rule 12(c) motion within twenty-eight (28) days of Plaintiff's Rule 7 reply; and
3. That any stay of discovery automatically terminates if no timely Rule 28(c) motion is filed.

Respectfully submitted this 28th day of August 2026.

.

/s/ E. Milo Schwab
E. Milo Schwab
Ascend Counsel, LLC
1 Broadway, Suite B-210

Denver, CO 80203
(303) 888-4407
milo@ascendcounsel.co

Mark J. Streiff
State Bar No. 24117510
Pantheon Legal Group PLLC
1020 Macon Street, Suite 5
Fort Worth, Texas 76102
Tel: (817) 381-2216
Fax: (817) 663-2216
mark.streiff@pantheon-legal.com