IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORT DIVISION

| | | |
|---|---|---|
| MANUEL MATA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-CV-120-Y |
| | § | |
| MATTHEW KRUEGER, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT**
**OF HIS EMERGENCY MOTION TO STAY CASE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Matthew Krueger files this his Reply Brief in Support of His Emergency Motion to Stay Case, and would respectfully show unto the Court as follows:

## I. REPLY ARGUMENTS

As Defendant stated in his motion, in this civil action, Plaintiff Mata challenges the very basis for his February 4, 2024, stop, detention, and arrest. *See* Pl. FAC at 2, 5 (denying he was walking in the street); at 6 (denying he resisted arrest); at 7 (denying officers had probable cause to arrest him); at 17, ¶ 112 ("Defendant lacked any probable cause that Mr. Mata had committed any offense."); at 21, ¶ 149 ("No probable cause supported this arrest.").

Yet two criminal charges arising from his arrest on that day remain pending, including for: (1) Walking in a road where a sidewalk is provided, a Class C misdemeanor prosecuted in the City of Fort Worth Municipal Court (App. at 1-3); and (2) Failure to Identify, Tex. Pen. Code § 38.02(a), a Class C misdemeanor prosecuted in the City of Fort Worth Municipal Court (App. at 4-6). Indeed, Plaintiff's counsel of record in this case, Mr. Mark J. Streiff, currently represents Plaintiff Mata in

those two criminal cases. App. 2, 5. In Plaintiff's Response (ECF No. 18) to Defendant's Emergency Motion to Stay (ECF No. 13), Plaintiff confirms that those two criminal charges remain pending against him. Resp. 1-2.

As explained in Defendant's motion, Plaintiff is suing in this civil case, asking for findings that would contradict the bases for his prosecutions in those two criminal cases. And as explained, according to the Supreme Court, "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

In his Response, Plaintiff does not deny any of this. Instead he argues as if the plain rules from *Heck* and *Wallace* should simply not apply as to him because the crimes he is facing are merely "two fine-only Class C misdemeanor" charges "pending in the Fort Worth Municipal Court." Resp. 1. Plaintiff, of course, cites no cases showing that this Court should ignore *Heck* and *Wallace* and the many other cases cited by Defendant or otherwise entertain making rulings in a civil case that could undermine active state criminal charges simply because the charges are of a certain level of seriousness in Plaintiff's view.

In his Response, Plaintiff asks the Court to currently undertake a full *Heck* analysis even before he is convicted, but doing so is simply premature. "Prior to a conviction 'it is simply premature to determine whether or not [Plaintiff's] claims are barred under *Heck*.'" *Nix v. Martin*, No. 4:25-CV-01362-O-BP, 2026 WL 1391892, at *1 (N.D. Tex. Apr. 15, 2026), *report and recommendation adopted*, No. 4:25-CV-01362-O-BP, 2026 WL 1390855 (N.D. Tex. May 18, 2026)

(citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)). To undertake the full *Heck* analysis at this time is premature because the Court will not yet know exactly what ultimate convictions may come from the pending criminal charges. But here we know that virtually everything Plaintiff complains of in this civil case stems from his claim that officers never had any right whatsoever even to stop and detain him in the first place. If he is ultimately convicted of walking the roadway, that would undermine essentially everything Plaintiff argues in his present civil complaint in this case.

Plaintiff's argument that not only should the Court conduct a premature *Heck* analysis, he proposes the obviously untenable suggestion, with absolutely no supporting authority, that the Court should allow certain claims to go forward now while other claims are stayed pending the outcome of his criminal cases. Initially, all of Plaintiff's claims relate to his assertion that officers had no legal basis to stop, detain, or arrest him. Plaintiff refers to an excessive force claim, but even that claim is based on the assertion that his stop was unlawful. He does not actually plead that the officers used any force on him other than drawing a weapon when stopping him. He argues that officers simply had no right to use any force, presumably even handcuffing him, without probable cause. *See* ECF No. 3 at 15-16. But regardless, proceeding with litigation on a piecemeal basis would be inefficient and only require duplicating efforts in filing motions for judgment, and if the claims proceed beyond that, discovery, etc.

Simply put, as courts in this district have repeatedly explained, "when a plaintiff files a civil rights lawsuit covering the same subject matter as state court criminal charges that are pending against him, the federal district court should stay the civil rights lawsuit until the criminal charges are resolved. . . . This case must, therefore, be stayed until the pending criminal charge is resolved." *Wilcox v. City of Melissa, et al.*, 4:26-cv-00071-JDK-JDL, ECF No. 4 (Jan. 21, 2026) (Def. App. 6).

## CONCLUSION

Defendant respectfully asks that the Court immediately stay and administratively close this case pending resolution of the above-described criminal charges pending against Plaintiff.

Respectfully submitted,

s/ *Kenneth E. East*
Kenneth E. East
State Bar No. 00790622
THE LAW OFFICE OF KENNETH E. EAST
306 W. 7th Street, Suite 600
Fort Worth, Texas 76102
(817) 788-1111
ken@east.law

ATTORNEY FOR DEFENDANT
OFFICER MATTHEW KRUEGER